UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GUCCI AMERICA, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>LUXURY BRANDS, LLC, )<br>LUXURYBRANDSLLC.COM, and )<br>JAMES MCHUGO, )<br>)<br>Defendants. )<br>_____) | CIVIL ACTION NO.: 04-12480 PBS |

## FINAL CONSENT JUDGMENT

Upon agreement of the parties, this Consent Judgment is hereby entered as follows:

1. That a preliminary and permanent injunction be issued enjoining and restraining Defendants and their officers, agents, servants, employees and attorneys and all those in active concert or participation with them, from:

   A. Using any reproduction, counterfeit, copy or colorable imitation of the Gucci Trademarks to identify any goods or the rendering of any services not authorized by Plaintiff;

   B. Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiff's business reputation or dilute the distinctive quality of Plaintiff's name and Plaintiff's Gucci Trademarks;

   C. Using a false description or representation including words or other symbols tending to falsely describe or represent Defendants' unauthorized

goods as being those of Plaintiff or sponsored by or associated with Plaintiff and from offering such goods into commerce;

D. Further infringing Plaintiff's Gucci Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products not authorized by Plaintiff bearing any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's Gucci Trademarks;

E. Using any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's trademarks in connection with the rental, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiff, or to any goods sold, manufactured, sponsored, approved by or connected with Plaintiff;

F. Making any statement or representation whatsoever, using any false designation of origin or false description or performing any act which can or is likely to lead the trade, public or individual members thereof, to believe that any products manufactured, distributed, sold or marketed by Defendants are in any manner associated or connected with Plaintiff, or sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

  G. Causing an infringement of any of Plaintiff's Gucci Trademarks or of Plaintiff's rights therein, or causing any dilution of Plaintiff's name, reputation or goodwill;

  H. Secreting, destroying, altering, removing or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Gucci Trademarks;

  I. Effecting assignments or transfers, forming new entities, associations or websites, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (H), above.

FURTHER ORDERED, that nothing contained herein shall be deemed to limit or restrict the right or ability of LuxuryBrands or James McHugo to sell, offer for sale, distribute or market genuine articles bearing genuine Gucci trademarks.

FURTHER ORDERED, that Defendants have consented to the jurisdiction of this Court and that this Court shall have continuing jurisdiction with regard to enforcing the terms of this Final Consent Judgment;

FURTHER ORDERED, that Defendants' consent to the entry of this Final Consent Judgment does not constitute an admission of liability as to the allegations of the Complaint; and it is

FURTHER ORDERED, that in the event of a default or breach of any provision of this Final Consent Judgment by defendant, Plaintiff shall be entitled to all costs and expenses arising out of said default or breach, including reasonable attorney's fees, paid or incurred by Plaintiff in

enforcing and obtaining Defendants' performance of the terms of this Final Consent Judgment, in addition to any fees, damages or injunctive relief awarded by the Court.

Dated: __3/31/05__, 2005

_____
Patti B. Saris
United States District Judge
District of Massachusetts

Upon Consent of:

**GUCCI AMERICA, INC.**

By its Attorneys,

_____
Mark Schonfeld
BBO No. 446980
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
(617) 345-3000

**LUXURY BRANDS, LLC, LUXURYBRANDSLLC.COM, and JAMES MCHUGO**

By their Attorneys,

_____  3·14·05
Jeffrey S. Baker, Esq.
BBO #544929
Baker & Associates
Two West Hill Place
Suite 100
Boston, MA 02114

00909971

4